IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDY POMERANTZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3479 |
| | § | |
| HOUSTON METHODIST HOSPITAL, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Rule 59 Motion to Reconsider [Doc. # 37] filed by Plaintiff Judy Pomerantz, to which Defendant Houston Methodist Hospital ("Methodist") filed a Response [Doc. # 38]. Plaintiff neither filed a reply nor requested additional time to do so. Having considered the full record and applicable legal authorities, the Court **denies** Plaintiff's Motion.

### I.   BACKGROUND

The factual background of this case was set forth fully in the Court's Memorandum and Order [Doc. # 35] entered August 14, 2014, granting Methodist's Motion for Summary Judgment. Briefly, Plaintiff is a Registered Nurse who was diagnosed with Multiple Sclerosis ("MS") in 2002. She was hired by Methodist in 2008 as a "floater" Case Manager, working in different units as needed. In November

2009, Plaintiff was assigned as a Case Manager to the Transplant Unit, where she worked for several months.

In April 2010, Plaintiff was assigned as a Case Manager to the Medical/Teaching Unit. On April 30, 2010, Plaintiff asked to be moved back to the Transplant Unit because she did not want to work with another employee in the Medical/Teaching Unit.

In July 2010, Plaintiff first provided a written request for an accommodation for the fatigue caused by her MS. Plaintiff submitted a letter from her physician, Dr. George Hutton, in which he recommended that Plaintiff "maintain a forty hour work week, with occasional nine hour work days." Methodist agreed to the accommodation recommended by Dr. Hutton, and reiterated to Plaintiff that she was not required to work more than 40 hours per week.

Also in July 2010, Methodist promoted the Case Manager assigned to the Orthopedics Unit, Audra White, to a management position. Before White assumed her management responsibilities, a recently-hired Case Manager was assigned to the Orthopedics Unit to train with her. Plaintiff was not reassigned to the Orthopedics Unit.

On August 4, 2010, Plaintiff emailed her supervisor asking to be reassigned to a unit other than Medical/Teaching. At a meeting to discuss her request, Plaintiff

stated that she was fine but she wanted to know when Methodist was going to hire an extra person to work with her. Methodist explained that they were in the process of hiring someone and, indeed, a second Case Manager was assigned to the Medical/Teaching Unit later that month.

Plaintiff began a period of leave under the Family and Medical Leave Act ("FMLA") on September 8, 2010. Before returning to work, Plaintiff provided another letter from Dr. Hutton recommending a number of areas for accommodation. Dr. Hutton did not recommend that Plaintiff be assigned to a different unit. Plaintiff returned to work in a floater Case Manager position on January 25, 2011.

On March 18, 2011, Plaintiff resigned from Methodist because she "heard about an opening at a home health agency."

Plaintiff filed this lawsuit in November 2012, alleging disability discrimination and failure-to-accommodate in violation of the Americans With Disabilities Act ("ADA"). After discovery was completed, Defendant filed a Motion for Summary Judgment which was granted on August 14, 2014. Plaintiff then moved for reconsideration. The Motion to Reconsider is ripe for decision.

## II. STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than

28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## III. <u>ANALYSIS</u>

Plaintiff argues in the Motion to Reconsider that Methodist failed to accommodate her by allowing her to transfer to the Orthopedics Unit. As noted by the Court in its Memorandum and Order, however, the ADA does not provide the employee with the right to choose her preferred accommodation from viable

alternatives.  *See EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009). Similarly, the ADA does not provide the employee the right to choose what job assignment she receives.  *See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).  The Fifth Circuit does not "read the ADA as requiring affirmative action in favor of individuals with disabilities, in the sense of requiring disabled persons be given priority in hiring or reassignment over those who are not disabled."  *See Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997) (quoting *Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995)).  The ADA "does not require an employer to give an employee with a disability his job of choice especially when there are qualified individuals who desire the same position." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 622-23 (5th Cir. 2000).

Plaintiff argues in the Motion to Reconsider that transfer to the Orthopedics Unit was the only effective accommodation, yet Plaintiff's treating physician never identified transfer to the Orthopedics Unit as a necessary accommodation.  Instead, Dr. Hutton identified other accommodations that would allow Plaintiff to perform her duties as Case Manager in the Medical/Teaching Unit.  Methodist substantially complied with the accommodations Dr. Hutton recommended.  Additionally, although not recommended by Dr. Hutton, Methodist agreed to Plaintiff's requested accommodation of a second Case Manager to assist her with the work in the

Medical/Teaching Unit. The ADA does not require an employer to allow an employee with a disability to select her preferred job assignment, particularly when the employer makes the reasonable accommodations that are medically recommended to allow the employee to perform the functions and duties of her current position. Plaintiff has failed to demonstrate that the Court's ruling on the summary judgment motion constituted a manifest error of law or fact.

## IV.   CONCLUSION AND ORDER

Plaintiff has failed to demonstrate that the Court's ruling on Defendant's Motion for Summary Judgment involved manifest errors of law or fact. As a result, Plaintiff has not demonstrated that she is entitled to relief under Rule 59(e), and it is hereby

**ORDERED** that Plaintiff's Rule 59 Motion to Reconsider [Doc. # 37] is **DENIED**.

SIGNED at Houston, Texas, this 9th day of **October, 2014**.

_____
Nancy F. Atlas
United States District Judge